# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-60680
Summary Calendar

MIRNA LIZETH RODRIGUEZ

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 328 626

Before REAVLEY, WIENER, and PRADO, Circuit Judges.
PER CURIAM:[*]

Mexican citizen Mirna Lizeth Rodriguez petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an order of removal entered by the Immigration Judge (IJ). Rodriguez contends that the BIA and IJ erred by refusing to afford her the benefit of 8 U.S.C. § 1182(a)(9)(B)(iii)(I), which excludes time spent in the United States by a minor from the calculation of a period of unlawful presence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plain language of § 1182(a)(9)(B)(iii)(I) limits its application to § 1182(a)(9)(B)(i). Cf. United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989) (looking first to plain language in interpreting statute). Rodriguez was deemed inadmissible under another provision, § 1182(a)(9)(C), which sets forth more culpable conduct than does subsection (a)(9)(B). See Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir. 2005) (distinguishing subsections). Further, § 1182(a)(9)(C) has its own exception and waiver provisions, which do not include any exception for minors. See § 1182(a)(9)(C)(ii) & (iii). The inclusion of some waivers implies the exclusion of others. See Thompson v. Goetzmann, 337 F.3d 489, 499 (5th Cir. 2003).

In addition, the Ninth Circuit has held that, although "unlawful presence" has the same general meaning in subsections (a)(9)(B) and (a)(9)(C), there is no presumption "that the waiver provisions are also incorporated, particularly where they are contained in separate provisions and not within the definition itself." Acosta v. Gonzales, 439 F.3d 550, 557 (9th Cir. 2006) (holding that "hardship" waiver of § 1182(a)(9)(B) was not incorporated into § 1182(a)(9)(C)).

Rodriguez was properly held to be removable under § 1182(a)(9)(C). Her petition for review is DENIED.